**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARY DERDA,**

                              **Plaintiff,**                    **5:11-cv-1499**
                                                                **(GLS)**

              **v.**

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Olinksy Law Group                             HOWARD D. OLINSKY, ESQ.
300 S. State Street                           BRANDON W. SAWYER, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN                      TOMASINA DIGRIGOLI
United States Attorney                         Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**
                    <u>**MEMORANDUM-DECISION AND ORDER**</u>

## I.  Introduction

Plaintiff Mary Derda challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and seeks judicial review under 42 U.S.C. § 405(g).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Derda's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II.  Background

On June 26, 2010, Derda filed an application for DIB under the Social Security Act ("the Act"), alleging disability since May 1, 2010.  (*See* Tr.[1] at 100-09, 110.)  After her application was denied, Derda requested a hearing before an Administrative Law Judge (ALJ), which was held on May 12, 2011.  (*See id.* at 31-56, 59-64.)  On June 1, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*See id.* at 3-5, 19-27.)

Derda commenced the present action by filing a Complaint on

---

[1]  Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 10.)

December 20, 2011, wherein she sought review of the Commissioner's

determination.  (*See* Compl. ¶¶ 1-7.)  The Commissioner filed an answer

and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 8, 10.)

Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt.

Nos. 13, 15.)

## III.  Contentions

Derda contends that the Commissioner's decision is tainted by legal

error and is not supported by substantial evidence.  Specifically, Derda

claims the ALJ: (1) failed to fully develop the record; (2) rendered an

inaccurate residual functional capacity (RFC); (3) improperly evaluated her

credibility; and (4) erred at Step Four.  (*See* Dkt. No. 13 at 9-18.)  The

Commissioner counters that substantial evidence supports the ALJ's

decision.  (*See generally* Dkt. No. 15.)

## IV.  Facts

The evidence in this case is undisputed and the court adopts the

parties' factual recitations.  (*See* Dkt. No. 13 at 1-7; Dkt. No. 15 at 2-6.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under

42 U.S.C. § 405(g) is well established and will not be repeated here.  For a

full discussion of the standard and the five-step process used by the

Commissioner in evaluating whether a claimant is disabled under the Act,

the court refers the parties to its previous opinion in *Christiana v. Comm'r*

*of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y.

Mar. 19, 2008).

## VI.  Discussion

### A.    Duty to Develop the Record

Derda argues first that the ALJ violated his duty to develop the record

by failing to: (1) "obtain a substantial amount of outstanding evidence"; and

(2) "request treating physician opinions of limitations."  (Dkt. No. 13 at 9-

12.)  The Commissioner counters that the ALJ fulfilled his duty because,

among other things, he possessed sufficient records, from the applicable

time period, to render a decision.  (*See* Dkt. No. 15 at 9-10.)  The court

agrees with the Commissioner.

While the ALJ has an affirmative obligation to develop the

administrative record, his duty to do so is not without limit.  *See Guile v.*

*Barnhart*, No. 5:07-cv-259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14,

2010); *see also* 20 C.F.R. § 404.1512(d) (stating that generally, a complete

record contains a "medical history for at least the [twelve] months

4

preceding the month in which" the claimant files her application).  Indeed, if all of the evidence received is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may make his determination based upon that evidence.  *See* 20 C.F.R. § 404.1520b(a).  Consistent with that notion, where there are no "obvious gaps" in the record, the ALJ is not required to seek additional information.  *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).  The ALJ must, however, "make reasonable efforts to obtain the claimant's treating physician report."  *Streeter v.  Comm'r of Soc. Sec.*, No. 5:07-CV-858, 2011 WL 1576959, at *3 (N.D.N.Y. Apr. 26, 2011) (internal quotation marks and citations omitted).  "[T]he lack of a medical source statement will not make the record incomplete" though, so long as the ALJ's decision is "based on sufficient and consistent evidence."  *Id.* (internal quotation marks and citations omitted); *see* 20 C.F.R. § 404.1513(b)(6); *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996).

Here, Derda appears to be arguing that the ALJ should have sought medical records for the ten years preceding her application.  (*See* Dkt. No. 13 at 10.)  Besides the fact that the regulations do not require such an extensive history, *see* 20 C.F.R. § 404.1512(d), the record here was

sufficiently robust for the ALJ to make a disability determination without

requesting additional records or medical source statements from Drs. Paul

Fiacco, Joseph Augustine or Seth Greenky.  (*See* Dkt. No. 13 at 10-11);

*Streeter*, 2011 WL 1576959, at *3.  In particular, the record contains an

assessment from Derda's treating cardiologist, Dr. Russell Silverman, (*see*

Tr. at 268-69), and a medical source statement from the consultative

examiner, Dr. Roberto Rivera, (*see id.* at 283-88).  Moreover, the ALJ also

received records from CNY Family Care and CNY Eye Care, some of

which predated Derda's application by over two years.  (*See id.* at 216-41,

304-07.)  Based on this evidence, which contains no obvious gaps or

inconsistencies, the court concludes that ALJ's development of the record

was sufficient to render a disability determination.  *See Rosa*, 168 F.3d at

79 n.5.  Derda's argument to the contrary is rejected.[2]

## B.   RFC Determination

Derda next contends that the ALJ's RFC determination is inconsistent

with the opinions of Drs. Silverman and Rivera.  (*See* Dkt. No. 13 at 12-14.)

The Commissioner, and the court, disagree.  (*See* Dkt. No. 15 at 10-14.)

---

[2]  Although Derda repeats this contention in her later arguments, further discussion of the ALJ's development of the record is unnecessary. (*See, e.g.*, Dkt. No. 13 at 13.)

A claimant's RFC "is the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.  *Id.* § 404.1545(a)(3).  An ALJ's RFC determination must be supported by substantial evidence[3] in the record.  *See* 42 U.S.C. § 405(g).  If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Despite Derda's claims, the ALJ's RFC assessment is legally sound and supported by substantial evidence.  (*See* Dkt. No. 13 at 12-14.)  First, the ALJ's determination that Derda could perform light work is consistent with Dr. Silverman's assessment that she can occasionally lift and carry twenty pounds.  (*See* Tr. at 268.)   According to the regulations, "[l]ight work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds."  20 C.F.R. §

──────────────

[3] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

404.1567(b).  Though Dr. Silverman restricted the frequency that Derda

can carry twenty pounds, he did not place any limitations on her ability to

carry less weight.  (*See* Tr. at 268.)  Even if he had, the ALJ still could have

determined that Derda was capable of performing light work because she

was able "to do substantially all of" the other activities associated with that

exertion level.  20 C.F.R. § 404.1567(b); (*See* Tr. at 268-69.)  And second,

the ALJ's decision to discount the portion of Dr. Rivera's report which

limited Derda's ability to lift, push, pull and reach over her head was

appropriate given the recency of the injury he cited, the lack of supporting

medical evidence in the record, and Dr. Silverman's comprehensive

assessment.  (*See* Tr. at 26, 269, 284, 287.)  Moreover, Derda's failure to

mention a left shoulder impairment at the hearing, which occurred less than

one-year after Dr. Rivera's examination, only bolsters the ALJ's decision to

adopt less than all of the limitations Dr. Rivera recommended.  (*See* Tr. at

31-56.)  Accordingly, the ALJ's RFC assessment is affirmed.

**C.    Credibility Assessment**

Derda avers that the ALJ improperly assessed her credibility.  (*See*

Dkt. No. 13 at 14-17.)  Again, the court disagrees, as a review of the ALJ's

opinion demonstrates that he only discredited Derda's subjective

complaints to the extent that they were inconsistent with his RFC determination.  (*See* Tr. at 24.)  In finding as such, the ALJ provided a thorough explanation of the objective medical evidence that belied Derda's complaints.  (*See id.* at 24-25.)  He also noted that she "engages in a wide array of activities" of daily living, including cooking, cleaning, shopping and driving.  (*Id.* at 25, 285.)  Although Derda described far fewer abilities at the hearing, her conflicting statements provide further support for the ALJ's credibility determination.  (*Compare id.* at 49-50, *with id.* at 285.)  Because the ALJ properly weighed "the objective medical evidence in the record, [Derda's] demeanor, and other indicia of credibility,"  *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted), his credibility assessment is conclusive.

**D.   Step Four Determination**

    Derda's final argument—that the ALJ's Step Four determination is unsupported by substantial evidence—is also without merit because it assumes that there were errors in the RFC and credibility determinations. (*See* Dkt. No. 13 at 17-18.)  However, because the court has already found

otherwise, it suffices to say that Derda's argument is untenable.[4]  As such, the ALJ's finding at Step Four is affirmed.  (*See* Tr. at 21.)

## E.   Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Derda's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

Gary L. Sharpe
Gary L. Sharpe
Chief Judge
U.S. District Court

---

[4]  To the extent that Derda claims that the ALJ mischaracterized her prior work experience, (*see* Dkt. No. 13 at 18), that argument is also unpersuasive because, as the Commissioner notes, the job "Survey Worker" is nonetheless consistent with her RFC, (*see* Dkt. No. 15 at 19-20).